# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAY 0 7 2025

Nathan Ochsner, Clerk of Court

JOHN RAY ALANIZ,

Plaintiff,

v.

KATHLEEN HAMILTON, JUDGE, in her individual and official capacity;

FOY O'BRIEN, JUDGE, in his individual and official capacity;

ANGELA KAO, ADA PROSECUTOR, in her individual and official capacity;

JARED KENNEDY, ADA PROSECUTOR, in his individual and official capacity;

CHUCK LANEHART, ATTORNEY, individually;

MONTGOMERY COUNTY,

DAWSON COUNTY, and

UNKNOWN CLERKS ("DOE" Defendants),

Defendants.

CIVIL ACTION NO. _____

JURY TRIAL DEMANDED

## VERIFIED CIVIL RIGHTS COMPLAINT

WITH EMERGENCY INJUNCTIVE RELIEF UNDER 42 U.S.C. §§ 1983, 1985, TITLE II ADA, AND THE SUPREMACY CLAUSE

AND MEMORANDUM OF LAW IN SUPPORT

## I. JURISDICTION & VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution, laws, or treaties of the United States, including 42 U.S.C. §§ 1983, 1985(2)-(3), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and supplemental Texas common law.
2. Venue is proper in this district under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims occurred in Montgomery and Dawson Counties, both within the Southern District of Texas jurisdiction.
3. Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202, and emergency relief under Federal Rules of Civil Procedure 65 and 5.1.

## II. INTRODUCTION & OVERVIEW

4. Plaintiff John Ray Alaniz ("Plaintiff") is a disabled citizen residing in Cleveland, Texas. He suffers from documented cognitive and literacy disabilities, reading at a third-grade level, and requires accommodations under the ADA. He is the primary caretaker of two disabled parents and the sole wage earner.
5. This case arises from a pattern of egregious constitutional violations, including the denial of ADA accommodations, false arrest, prosecutorial misconduct, coerced plea agreements, fabricated evidence, obstruction of exculpatory materials, and judicial collusion—all designed to suppress Plaintiff's rights and secure unjust convictions.
6. Plaintiff now seeks an emergency injunction to halt proceedings in Cause Nos. 22-06-08355 (Montgomery County) and 13,892A (Dawson County), both of which threaten to subject him to incarceration on the basis of tainted pleas, manipulated evidence, and denied due process.

## III. STATEMENT OF FACTS

### A.

### Plaintiff Background

7. Plaintiff John Ray Alaniz is a 42-year-old disabled resident of Cleveland, Texas. He suffers from cognitive impairments and reads at a third-grade level. He has never been provided a court-approved ADA assistant, interpreter, or legal guardian for proceedings despite his disability being disclosed on the record.
8. Plaintiff is the sole caretaker for his elderly father (partially deaf) and mother (ill). He holds a labor-intensive job on oil rigs and supports his family with limited resources.

## B.

## Montgomery County Proceedings – Cause No. 22-06-08355

Date Range: July 11, 2022 – April 30, 2024

Defendants Involved: Judge Kathleen Hamilton, ADA Prosecutors Angela Kao and Jared Kennedy, Attorney Jeremy Dishongh

9. On July 11, 2022, Plaintiff appeared in 359th District Court, Montgomery County, before Judge Kathleen Hamilton. He was represented by court-appointed attorney Jeremy Dishongh.
10. During this hearing, it was stated on the record (Transcript Vol. 1, pp. 11–13) that Mr. Alaniz could not read or understand legal documents and had a learning disability, which was confirmed by his counsel and never disputed.
11. The court nonetheless proceeded with a guilty plea to assault-family violence (Case No. 8355), without ordering an ADA accommodation, mental competency evaluation, or allowing Plaintiff's therapist to testify as required by 42 U.S.C. § 12132, 28 C.F.R. § 35.130(b) and 35.160(b).
12. The plea was based on a document "read aloud" to Mr. Alaniz by counsel, but the transcript confirms he did not comprehend the consequences—contravening the Supreme Court's mandate in Boykin v. Alabama, 395 U.S. 238 (1969).
13. Further, the complaining witness had long left the jurisdiction and no trial testimony or confrontation occurred. The record shows the case proceeded without live evidence, based solely on a stipulated narrative, despite Plaintiff's disability.
14. Prosecutors Angela Kao and Jared Kennedy failed to turn over exculpatory mental health and therapy records under Brady v. Maryland, 373 U.S. 83 (1963), despite receiving mitigation packets that showed decades of cognitive impairment and lack of criminal intent.
15. Additionally, the prosecution and court officials failed to investigate whether Plaintiff was coerced or even competent under Indiana v. Edwards, 554 U.S. 164 (2008). The record reflects systemic evasion of this duty.
16. Judge Hamilton placed Plaintiff on 10 years deferred adjudication based on this flawed plea. Plaintiff's right to appeal was waived under coercion and misunderstanding—despite knowing his mental limitations.

## C.

## Dawson County Proceedings – Cause No. 13,892A

Date Range: April 22, 2025

Defendants Involved: Judge Foy O'Brien, Attorney Chuck Lanehart, Clerk Doe, Dawson County Prosecutor (Name TBD)

17. On April 22, 2025, Plaintiff appeared in Dawson County Court regarding a Class A DWI charge (Cause No. 13,892A). His court-appointed attorney, Chuck Lanehart, refused to file ADA-based motions that Plaintiff had requested for over five months.
18. When Plaintiff attempted to file motions directly with the county clerk, she refused to accept the filings. Judge Foy O'Brien told Plaintiff: "Fire your lawyer or have him file it," effectively barring self-representation without granting ADA accommodations or reviewing disability records.
19. Plaintiff invoked his First Amendment right to record the hearing, and Judge O'Brien responded, "I don't care," effectively waiving court rules to accommodate Plaintiff's right to document proceedings where his access to justice was being blocked.
20. When counsel withdrew mid-hearing, Judge O'Brien refused to accept Plaintiff's ADA motions, citing the "lack of withdrawal paperwork" as pretext to delay the filing of time-sensitive constitutional motions—including:

- Suppression of blood draw evidence
- Challenge to false address on citation
- Lack of probable cause
- Demand for dashcam/bodycam footage (which was never produced)

21. Plaintiff was never shown a valid court order authorizing the blood draw. The vacutainer lot, manufacture date, and chain of custody were all requested in a formal Art. 39.14 motion but were ignored—again violating Brady and Texas CCP Art. 39.14(h).
22. Despite knowing Plaintiff's limitations and his father's partial deafness, Judge O'Brien allowed proceedings to continue without accommodations, violating the Due Process Clause, Bounds v. Smith, 430 U.S. 817 (1977), and Title II of the ADA.

## D.

## Pattern of Conspiracy and Color of Law Violations

23. Defendants acted under color of law to jointly deny Plaintiff's rights to evidence, fair trial, competent representation, and ADA protections.
24. The same tactics used in both counties—blocking ADA motions, ignoring medical records, using coercion to obtain guilty pleas, and fabricating procedural justifications—demonstrate a pattern of conspiracy under 42 U.S.C. § 1985(2)-(3).
25. The use of fabricated orders, denied filings, and clerk interference amount to fraud upon the court, triggering Throckmorton v. United States, 98 U.S. 61 (1878), which holds judgments tainted by fraud are void ab initio.

E.

## Violation of Brady v. Maryland and Suppression of Exculpatory Evidence

Plaintiff asserts that the State, including the Montgomery and Dawson County District Attorney's Offices, failed to disclose material exculpatory evidence, in direct violation of Brady v. Maryland, 373 U.S. 83 (1963). This includes:

- Altered or missing bodycam footage;
- Withheld GPS and mobile data (AVL, MDT logs) of law enforcement;
- A fabricated or backdated court order authorizing a forced blood draw;
- Failure to disclose records showing Plaintiff was not impaired, nor operating a vehicle on a public road.

The suppression of this evidence prejudiced the Plaintiff's defense and constitutes prosecutorial misconduct sufficient to bar retrial or further prosecution under Brady and Giglio v. United States, 405 U.S. 150 (1972).

## F.

## Fraud on the Court – The Throckmorton Doctrine

Plaintiff alleges "fraud upon the court" occurred when officers, prosecutors, or court clerks introduced falsified, unauthorized, or backdated documents into the record.

Under United States v. Throckmorton, 98 U.S. 61 (1878), fraud on the court invalidates judgments obtained through deception or suppression of facts. The fabricated warrant, denial of ADA rights, and deliberate manipulation of proceedings constitute intrinsic fraud affecting the very structure of justice.

Such fraud vitiates not only verdicts and pleas, but strips state actors of immunity, justifying federal intervention and emergency equitable relief.

## G.

## Supremacy Clause Preemption of State Judicial Misconduct

Under the Supremacy Clause, Article VI, Clause 2 of the U.S. Constitution, federal statutes and constitutional protections override state court procedures and immunity defenses.

Here, state officials and judges continued proceedings while ignoring federally guaranteed rights under:

- Title II of the ADA (42 U.S.C. § 12132);
- The Due Process Clause of the 14th Amendment;
- The Fourth and Sixth Amendments.

When a state actor obstructs or denies these rights, federal courts not only may—but must—exercise preemptive review and halt proceedings to prevent irreparable harm. See Ex parte Young, 209 U.S. 123 (1908); Tennessee v. Lane, 541 U.S. 509 (2004).

## H.

## Conspiracy and Retaliation under 42 U.S.C. § 1985(3)

Plaintiff also pleads that multiple actors—including officers, court staff, the DA, and two judges—conspired to obstruct justice and deny federally protected rights. This includes:

- Coordinated suppression of ADA accommodations;
- Strategic refusal to accept filings;
- Collusion to force a plea despite Plaintiff's disability;
- Threat of incarceration without proof, on a second false charge.

# CONCLUSION AND PRAYER FOR EMERGENCY RELIEF

WHEREFORE, based on the foregoing:

- Ongoing violations of Plaintiff John Alaniz's civil rights under 42 U.S.C. §§ 1983, 1985(3), and 12132;
- Unconstitutional detention and prosecution in violation of the Fourth, Sixth, and Fourteenth Amendments;
- Suppression of material evidence in violation of Brady v. Maryland;
- Judicial fraud and procedural misconduct violating Throckmorton, Ex parte Young, and ethical codes;
- Failure to accommodate a federally protected disability, in violation of the ADA and Rehabilitation Act;
- Prejudicial denial of Due Process, Equal Protection, and access to the courts under Bounds v. Smith, and Tennessee v. Lane;

Plaintiff John Alaniz, a cognitively impaired individual currently under unlawful threat of incarceration, respectfully prays this Honorable Court to:

1. Issue an Immediate Temporary Restraining Order and Emergency Injunction halting:
    - All criminal proceedings in Montgomery County (Cause No. 22-06-08355) and Dawson County (Cause No. 13,892A);
    - All attempts to re-arrest, revoke probation, or proceed to trial pending final adjudication of this matter;
2. Order the Defendants to produce and preserve all evidence pursuant to Brady and Article 39.14 of the Texas Code of Criminal Procedure;
3. Declare the state proceedings unconstitutional, void, and in conflict with Plaintiff's federally protected rights;
4. Refer this matter to the U.S. Attorney General and DOJ Civil Rights Division under 42 U.S.C. § 14141 for investigation into pattern or practice violations;
5. Grant such other and further relief as law, equity, and justice require—including costs, compensatory damages, and attorney fees under 42 U.S.C. § 1988.

Respectfully submitted,

John Ray Alaniz

18953 Oakridge Dr.

Cleveland, Texas 77328

Pro Se / Plaintiff

(903) 576-5060